J-S66030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DWIGHT WILLIAMS | : | |
| | : | |
| Appellant | : | No. 3516 EDA 2018 |

Appeal from the PCRA Order Entered November 2, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006351-2011

BEFORE: STABILE, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.:                    **FILED JANUARY 13, 2020**

Appellant Dwight Williams appeals from the order dismissing his first

Post Conviction Relief Act[1] PCRA petition.  As we explain below, Appellant's

PCRA counsel, David W. Barrish, Esq., has argued that there were no

preserved non-frivolous issues and requested leave to withdraw.  We affirm

and grant PCRA counsel's request to withdraw.

We adopt the facts and procedural history set forth by the PCRA court:

On May 18, 2011, William Jackson drove his girlfriend Jessica Blair
and her son to their home.  Jackson was driving a milk-white,
1976 Chevrolet Impala, which had customized 26" tires and rims.
Jackson double-parked his vehicle outside of Blair's home . . . and
walked Blair and her son to the front door.  Blair and Jackson
talked on the porch for several minutes.  Jackson then noticed
[Appellant] and co-defendant Edward Scott walking down the
street.  They stopped when they reached Jackson's car and stood
there talking for approximately five minutes.  Jackson finished his

---

[1] 42 Pa.C.S. §§ 9541-9546.

conversation and then walked down the porch steps toward his vehicle.

When Jackson reached the bottom of the steps, [Appellant] approached Jackson, with co-defendant Scott close behind, and pulled out a black and silver semi-automatic handgun. [Appellant] pointed the gun in Jackson's face and told him to get on the ground. [Appellant] then removed Jackson's wallet from his back pocket and told co-defendant Scott to take Jackson's car and drive off. [Appellant] then walked away in the same direction as co-defendant Scott drove in his vehicle.

Jackson then got up and went into Blair's house and called police. Police arrived within minutes, and Jackson provided police with descriptions of both men. He described [Appellant] as having a dark gray hoodie and dark pants, light-skinned goatee, and kind of stocky. Jackson testified that he remembered the faces "very well" and that there were several street and porch lights on in the area.

Police located [Appellant] just one block from the crime scene. Co-defendant Scott was stopped by the police and detained while he was walking away from the driver's side door of the Impala. Jackson was taken to a total of three locations to make possible identifications. At the first location, he identified his Impala and then positively identified co-defendant Scott as the individual who stole his vehicle. At the second location, Jackson told the officers at the scene that the person they had detained was not involved in the robbery. At the third location, Jackson positively identified [Appellant] as the individual who pointed the gun at his head and took his wallet. Jackson testified that he had no doubt about his identifications and would not forget [Appellant's] face and stature. Jackson made these identifications within 10 minutes of the robbery.

PCRA Ct. Op., 3/1/19, at 1-2 (citations and some formatting omitted).

Appellant was tried by a jury and "convicted of robbery, conspiracy, robbery of a motor vehicle, and possession of an instrument of crime." *Id.* at 1. The trial court sentenced Appellant to an aggregate sentence of eight and one-half to seventeen years' incarceration. Appellant appealed. This Court

affirmed, and our Supreme Court denied Appellant's petition for allowance of appeal on March 1, 2016. *See Commonwealth v. Williams*, 2319 EDA 2013, 2015 WL 5971059 (Pa. Super. filed Aug. 28, 2015) (unpublished memo.), *appeal denied*, 132 A.3d 458 (Pa. Mar. 1, 2016).

On November 10, 2016, Appellant filed a timely *pro se* PCRA petition claiming his sentence was void. The PCRA court appointed Joshu Harris, Esq., as PCRA counsel, who was granted permission to withdraw. The PCRA court then appointed David D. Wasson III, Esq., as PCRA counsel, and he filed an amended petition on March 23, 2017. The amended petition raised two claims. The first claim was that "[t]rial counsel was ineffective by failing to pursue any alibi defense such as cell phone location logs which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Am. PCRA Pet., 3/23/17, at ¶ 8. The second claim was that Appellant's conviction "resulted from the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced, which is the introduction of expert scientific evidence regarding eyewitness testimony reliability." *Id.* at ¶ 9. Neither the *pro se* petition nor the amended petition attached any cell phone location logs or otherwise discussed or attached the expert evidence regarding eyewitness testimony.

On August 25, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice, which stated that Appellant's claims lacked merit. Over a year passed without any substantive activity on the docket. On September 14, 2018, Appellant filed a *pro se* motion for leave to respond to the Rule 907 notice, claiming that Attorney Wasson abandoned him by failing to communicate with him and respond to the PCRA court's Rule 907 notice. On November 2, 2018, the PCRA court dismissed Appellant's PCRA petition.

Appellant filed a timely *pro se* notice of appeal on December 1, 2018. The PCRA court did not order Appellant to comply with Pa.R.A.P. 1925(b). Although the docket does not reflect a motion to withdraw filed by Attorney Wasson, on February 12, 2019, the PCRA court "vacated" Attorney Wasson's appointment, and appointed David W. Barrish, Esq., to represent Appellant in his appeal.

On appeal, Attorney Barrish filed an ***Anders*** brief, which included a request for leave to withdraw. ***See Anders v. California***, 386 U.S. 738 (1967). In a PCRA matter, a "***Turner***/***Finley*** no-merit letter, however, is the appropriate filing. ***See Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988); ***Commonwealth v. Finley***, 379 Pa. Super. 390, 550 A.2d 213 (1988) (*en banc*). Because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner***/***Finley*** letter." ***Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citation omitted).

PCRA counsel's brief contends that neither of the two claims raised in the amended PCRA petition pleaded and proved trial counsel's ineffectiveness. *See Anders* Brief at 16.

Before we address the issues identified by PCRA counsel, we must first address whether PCRA counsel has fulfilled the procedural requirements for withdrawing his representation. *See Commonwealth v. Muzzy*, 141 A.3d 509, 510 (Pa. Super. 2016) (stating that "[p]rior to addressing the merits of the appeal, we must review counsel's compliance with the procedural requirements for withdrawing as counsel").

> Counsel petitioning to withdraw from PCRA representation must proceed under [*Turner*/*Finley*] and must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Id.* at 510-11 (some formatting altered).

Here, PCRA counsel stated that he has made a "conscientious examination of the record," and concluded the appeal is "wholly frivolous."

*Anders* Brief at 17. Additionally, PCRA counsel sent a copy of the *Anders* brief to Appellant, which included a copy of a letter sent to Appellant enclosing the brief and advising Appellant of his right to proceed *pro se* or retain new counsel. *Id.* at App. F. Accordingly, we review PCRA counsel's conclusion that Appellant's two claims lack merit. *See Muzzy*, 141 A.3d at 510-11.

The first issue in the *Anders* brief is that trial counsel was ineffective by failing to pursue an alibi defense, specifically referencing cell phone location logs that would have impacted the reliability of the verdict. *Anders* Brief at 23. The second issue is the existence of after-discovered evidence, specifically "expert scientific evidence regarding eyewitness identification testimony." *Id.* at 25.

Initially, we set forth the well-settled standard and scope of review of an order resolving a PCRA petition claiming trial counsel's ineffectiveness:

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Grayson*, 212 A.3d 1047, 1051 (Pa. Super. 2019) (citation omitted).

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, the petitioner must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.

*Id.* at 1054 (citation and some formatting omitted).

With respect to an allegation of ineffectiveness due to trial counsel's failure to investigate or adequately investigate, the petitioner must establish "a reasonable probability that the introduction of such evidence would have altered the outcome of the trial." *Commonwealth v. Johnson*, 966 A.2d 533, 540 (Pa. 2009). A necessary corollary is that such evidence must be made of record before the PCRA court, so the PCRA court could consider it. *See id.* For example, a PCRA petition should include any evidence supporting the petitioner's claim to make it of record, such as "exculpatory evidence that has subsequently become available [post-trial] and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi).

Relatedly,

[t]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citations and formatting omitted).

Here, Appellant's counseled PCRA petition raised a claim that trial counsel was ineffective by failing to investigate a potential alibi defense,

including the existence of cell phone location logs which would have excluded him as the culprit. Similarly, the counseled PCRA petition referenced after-discovered exculpatory expert evidence addressing the reliability of eyewitness testimony. But the referenced evidence was never attached to the petition. *See Grayson*, 212 A.3d at 1051; *Wah*, 42 A.3d at 338.

Moreover, even assuming such evidence was part of his petition, Appellant cannot establish a reasonable probability of a different trial outcome. *See Grayson*, 212 A.3d at 1051. Jackson identified him and the co-defendant within ten minutes of the robbery. *See* PCRA Ct. Op. at 1-2. Absent the alibi evidence or proposed testimony of eyewitness reliability, the PCRA court did not err by holding that Appellant did not establish the underlying claims had merit, let alone a reasonable probability that the outcome of the trial would have been different. *See Johnson*, 966 A.2d at 540. For these reasons we affirm the order below and grant PCRA counsel's request to withdraw.

Order affirmed. PCRA counsel granted permission to withdraw.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/20